# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1150

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff - Appellee, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| Tim Kelly, | * | [UNPUBLISHED] |
| | * | |
| Defendant - Appellant. | * | |

_____

Submitted: June 24, 2005
Filed: July 20, 2005

_____

Before MURPHY, BYE, and SMITH, Circuit Judges.

_____

PER CURIAM.

Tim Kelly appeals the district court's[1] order revoking his supervised release and sentencing him to twenty-two months imprisonment. Kelly contends the district court's decision was based on inadmissible hearsay testimony in violation of his right to confront witnesses against him. We affirm.

_____

[1]The Honorable E. Richard Webber, United States District Court Judge for the Eastern District of Missouri.

Kelly was convicted of one count of interstate travel in aid of a racketeering enterprise in violation of 18 U.S.C. § 1952, and sentenced to sixty months imprisonment followed by three years supervised release. On October 7, 2003, Kelly began his three-year term of supervised release. Almost immediately, he experienced difficulty conforming to the conditions of his supervised release. On February 24, 2004, Kelly was ordered to an in-patient treatment facility but was discharged March 18, 2004. On March 23, 2004, the probation officer petitioned the district court to modify the conditions of Kelly's supervised release based on numerous violations of his supervised release conditions, including positive urine tests for marijuana and cocaine. The court modified the conditions of release and ordered Kelly to a thirty-day in-patient drug treatment facility. Kelly left the program after five days.

Over the next several months, Kelly continued to accumulate violations of his supervised release conditions. On June 16, 2004, he drove his vehicle into a building and left the scene of the accident. The following day, Kelly reported the car stolen. Later, he admitted driving it into the building and leaving the scene of the accident. Kelly stated he had been at a bar earlier in the evening and returned to the bar after the accident to calm down.

On October 9, 2004, Kelly was stopped by St. Louis police for speeding and subsequently charged with failure to maintain a single lane, careless and imprudent driving, failure to yield to an emergency vehicle and driving while intoxicated. Arresting officers performed field sobriety tests and concluded Kelly was under the influence of alcohol.

Kelly also failed to complete a drug and alcohol out-patient treatment program and missed several appointments for counseling and drug testing. Throughout this time, Kelly consistently tested positive for marijuana use. He claimed the test results

were skewed by medication he took for treatment of migraine headaches, but following a positive test on November 1, 2004, showing marijuana and cocaine, he admitted using both drugs. Finally, on November 29, 2004, the probation officer searched Kelly's residence and seized over 100 grams of marijuana.

Based on these violations, the probation officer filed a petition with the district court to revoke Kelly's supervised release. Kelly denied each of the allegations and on December 14, 2004, the district court conducted a revocation hearing. At the hearing, Officer Brian Green of the Wright City Police Department testified he came on duty at 6:00 a.m. the morning of June 16, 2004, and was advised officers were attempting to contact the owner of a vehicle which had struck a building earlier in the shift. Green testified he "had occasion to read the police reports or talk to officers or other individuals" about the accident. Kelly's attorney objected arguing the testimony was hearsay and violated Kelly's right to confront witnesses against him. The district court overruled the objection concluding it was permitted to consider hearsay testimony during a revocation proceeding and the evidence was admissible to explain Green's subsequent investigation into the accident.

On appeal, Kelly argues the district court erred when it allowed Green to testify about the police reports he read and the conversations he had with other officers about the accident. Kelly contends the testimony violated his right to confront witnesses against him at the revocation hearing.

II

The Federal Rules of Evidence do not apply in revocation hearings. Fed. R. Evid. 1101(d)(3) ("The rules . . . do not apply in the following situations: . . . Proceedings for . . . granting or revoking probation . . . "). Nevertheless, all hearsay evidence is not admissible in revocation proceedings. United States v. Redd, 318 F.3d 778, 783 (8th Cir. 2003). Probationers must be provided due process and

statutory protections in revocation hearings.  Id. (citing Morrissey v. Brewer, 408 U.S. 471, 488-89 (1972) (stating a parolee is entitled to confront adverse witnesses in a revocation hearing unless the hearing officer specifically finds good cause for not allowing such confrontation); Fed. R. Crim. P. 32.1(a)(2)(D) (providing that a person accused of violating probation or supervised release is entitled to a revocation hearing and an opportunity to confront adverse witnesses)).

In United States v. Bell, 785 F.2d 640, 642-43 (8th Cir. 1986), we held the trial court in a revocation proceeding must "balance the [defendant's] right to confront a witness against the grounds asserted by the government for not requiring confrontation."  Id. (holding it was not error to allow the government to introduce urinalysis laboratory results through a probation officer who had not prepared the report and without live testimony from the laboratory technicians because the hearsay was reliable and the proposed testimony was of little value).  The need to apply this balancing test is well established.  See United States v. Reynolds, 49 F.3d 423, 426 (8th Cir. 1995) (holding it was reversible error for a district court to fail to apply a balancing test before admitting oral hearsay testimony recounting a third party's allegations of sexual assault by the probationer); United States v. Zentgraf, 20 F.3d 906, 909-10 (8th Cir. 1994) (applying balancing test and determining it was reversible error to admit oral hearsay testimony rather than direct testimony from probationer's accomplice who was in custody and available to testify).

Kelly argues the district court committed reversible error by failing to apply the Bell balancing test.  We disagree.  In United States v. Redd, the defendant objected on hearsay and confrontation clause grounds to the admission of drug test reports purporting to document his ongoing drug use.  318 F.3d at 781.  Redd argued the records were hearsay and the technicians who performed the tests were not present at the hearing to provide foundation or for cross-examination.  Id.  The district court overruled the objections and, in reliance upon the positive drug tests, revoked Redd's supervised release.  Id. at 781-82.

On appeal, Redd renewed his hearsay and confrontation clause objections arguing the revocation of his supervised release should be reversed because the district court failed to apply the Bell balancing test. This court, noting the test had not been applied by the district court, concluded "[t]he record is sufficient for our application of the balancing test which supports the implicit findings of the district court, namely, that the evidence admitted was reliable and that the de minimis value of testimony from the proposed technician-witnesses did not outweigh the government's inconvenience and expense in making those witnesses available." Id. at 784. As in Redd, there is sufficient evidence in this record for us to apply the balancing test on appeal.

Here, the hearsay the district court admitted was reliable and the additional testimony proposed by Kelly was of little value. Kelly argues the government should have called one of the officers with first-hand knowledge of the car accident to testify. Such testimony, however, would have added little to the evidence received at the revocation hearing.

Based on information received from the outgoing shift, Green contacted Kelly and advised him his vehicle had been involved in an accident. Kelly did not deny the vehicle was his or that it had been involved in an accident. Indeed, after initially lying to police, Kelly admitted he was driving when his vehicle struck the building. Kelly's admissions corroborated Green's hearsay testimony giving it sufficient indicia of reliability to establish good cause for the government to avoid the difficulty and expense of bringing additional officers to testify. Thus, there was no violation of Kelly's right to confront witnesses against him.

III

The judgment of the district court is affirmed.

_____

-5-